## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AIMEE SUZANNE HICKS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CARROLL MANAGEMENT GROUP, | ) | |
| LLC, and MICHAEL PATRICK | ) | |
| CARROLL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Aimee Suzanne Hicks (hereinafter "Plaintiff" or "Suzanne Hicks"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendants Carroll Management Group, LLC and Michael Patrick Carroll (hereinafter collectively referred to as "Defendants" or "Defendant CMG" and "Defendant Carroll," respectively), and respectfully shows the Court as follows:

## JURISDICTION AND VENUE

### 1.

Suzanne Hicks invokes the jurisdiction of this Court pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (hereinafter "FMLA").

2.

Additionally, the unlawful employment practices alleged in this Complaint were committed within this District.

3.

Accordingly, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(2)(a).

## PARTIES

4.

Plaintiff Suzanne Hicks is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant CMG is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant CMG may be served with process by delivering a copy of the summons and Complaint to its registered agent, Duncan W. Miller, 3343 Peachtree Road, NE, Suite 1600, Atlanta, Georgia 30326.

7.

Defendant Carroll is the owner of Defendant CMG and may be personally served with process by delivering a copy of the summons and Complaint to 3340 Peachtree Road, NE, Suites 1620 or 2250, Atlanta, Georgia 30326.

## FACTUAL ALLEGATIONS

8.

Defendants hired Suzanne Hicks in June 2011 as a Regional Vice President.

9.

Thereafter, Defendants promoted Suzanne to President of Management.

10.

On approximately May 10, 2012, Suzanne left work early upon learning that her husband was rushed to the emergency room and admitted to the hospital for treatment of a heart problem.

11.

On approximately May 12, 2012, Suzanne notified Defendants that her husband's heart condition would require surgery the following Tuesday, May 15, 2012, and requested to work from the hospital.

12.

Defendants granted Suzanne's request to work from the hospital.

3

13.

Thereafter, Suzanne continued to work while her husband was hospitalized, maintaining contact with Defendants' office and answering emails and phone calls remotely from the hospital.

14.

Following his surgery, Suzanne's husband was diagnosed with a severe electrical problem with his heart, and was put on several medications to regulate his condition.

15.

Suzanne returned to work at Defendants' offices on May 16, 2012.

16.

On June 27, 2012, Suzanne's husband suffered another episode with his heart condition and was rushed to the doctor.

17.

After her husband's second attack, Suzanne notified Defendants of her husband's relapsed condition, and requested to be able to work from home so she could care for her husband.

18.

Defendant Carroll responded by telling Suzanne to let him know if there was any way he could help.

19.

Thereafter, on approximately July 2, 2012, Defendant Carroll contacted Suzanne on July 2, 2012, demanding to know where she was.

20.

Suzanne responded to Defendants by notifying them that her husband needed to undergo additional testing and another surgery, and that she hoped to be back at work by the middle of the following week.

21.

Suzanne further responded by informing Defendants that she had been maintaining regular communications with Defendants' employees, and that all of her work-related duties were being fulfilled, and everything was under control.

22.

On July 3, 2012, Defendant Carroll replied by email telling Suzanne that she needed to be back at work the following Monday, July 9, 2012, stating "[t]hat will be two weeks to deal with your issue, I feel that is fair."

23.

Shortly thereafter, Defendants' Human Resources Manager Linda Dudley (hereinafter "Ms. Dudley") emailed Suzanne stating "I fought to get you another week, but [Defendant Carroll] can't see it.   I hope you can make some arrangements."

24.

In communications with Ms. Dudley thereafter, Suzanne communicated that she may need to take FMLA time to care for her husband.

25.

Ms. Dudley followed up with Suzanne shortly thereafter to notify Suzanne that Defendant Carroll had denied her request for FMLA leave, stating that she was a "key employee" and for that reason, they could deny her request.

26.

Suzanne returned to work on July 9, 2012, although her husband remained very ill.

27.

Upon returning to work on July 9, 2012, Suzanne provided to Defendants a statement from one of her husband's doctors detailing that he was being treated for heart problems.

28.

On July 13, 2012 Suzanne's husband called her at work complaining of heart problems; Suzanne left work and rushed her husband to his heart doctor, where he was prescribed additional medications, scheduled for weekly appointments and referred to additional specialists for continued treatment of his condition.

29.

On July 13, 2012, Suzanne sent an email to Defendant Carroll and Ms. Dudley again requesting FMLA leave to care for her husband due to his heart condition and frequent doctor visits.

30.

Although Suzanne requested the full twelve (12) weeks of FMLA leave, putting her return to work on or before October 8, 2012, Suzanne informed Defendants that she would return to work sooner if at all possible.

31.

Defendant Carroll responded to Suzanne's second request for FMLA leave by calling Suzanne, yelling and cursing at her, and telling her that she was fired.

32.

After Defendant Carroll's phone call, Defendant Carroll sent Suzanne an email telling her that she was no longer on the payroll.

33.

Defendants thereafter disabled Suzanne's access to her company email as of approximately 10:30 p.m. on July 13, 2012.

34.

Defendant Carroll continued to send Suzanne harassing text messages until approximately 11:30 p.m. on the evening of July 13, 2012.

35.

On July 14, 2012, Ms. Dudley emailed Suzanne stating "[y]our FMLA has NOT been denied Suzanne.  I told you that I was sending the paperwork to you on Monday.  I anticipate that it is going to be approved."

36.

Suzanne responded to Ms. Dudley's July 14, 2012, email stating "[y]ou need to check with [Defendant Carroll] because he terminated me yesterday, told me I was off payroll and terminated my email access- and that he gave a 'black man' my job."

37.

On July 16, 2012, Ms. Dudley provided completed FMLA paperwork to Suzanne confirming that Suzanne was eligible for the requested FMLA leave, and

outlining the steps Suzanne would need to take to uphold her rights and responsibilities while on leave.

38.

As part of her rights and responsibilities, the FMLA paperwork provided to Suzanne by Defendants on July 16, 2012, stated that Suzanne would need to return the information requested in the paperwork by no later than August 1, 2012 in order for her requested leave to be processed.

39.

Also on July 16, 2012, Defendant Carroll began informing Defendants' employees that Suzanne had been fired.

40.

On July 26, 2012, Suzanne received a Separation Notice from the Department of Labor stating that Suzanne "resigned" effective July 13, 2012.

41.

Thereafter, Defendants failed to provide Suzanne the required COBRA notice.

## COUNT I: FMLA INTERFERENCE

### 42.

Suzanne Hicks re-alleges the preceding paragraphs as if set forth fully herein.

### 43.

Defendants were Suzanne's employer as defined by the FMLA.

### 44.

Suzanne was an eligible employee under the FMLA.

### 45.

Suzanne engaged in protected conduct under the FMLA, 29 U.S.C. § 2601, *et seq*., entitling her to all appropriate relief under the statute.

### 46.

Defendants interfered with Suzanne's rights protected under the FMLA, 29 U.S.C. § 2601, *et seq*., entitling Suzanne to all appropriate relief under the statute.

### 47.

As a direct and proximate result of Defendants' unlawful interference with Suzanne's FMLA rights, she has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT II: FMLA RETALIATION

48.

Suzanne Hicks re-alleges the preceding paragraphs as if set forth fully herein.

49.

Defendants terminated Suzanne's employment and caused Suzanne to endure verbal and written harassment following Suzanne's request for FMLA leave to care for her husband.

50.

Defendants' conduct constitutes unlawful retaliation against Suzanne for her attempts to exercise her rights under the FMLA, in violation of 29 U.S.C. §2615(a).

51.

As a direct and proximate result of Defendants' unlawful retaliation against Suzanne, she has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

52.

**WHEREFORE**, Suzanne Hicks respectfully requests judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Suzanne Hicks's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this 5th day of June, 2014.

**BARRETT & FARAHANY, LLP**

s/Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135

*Attorneys for Suzanne Hicks*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lbrown@bf-llp.com
ben@bf-llp.com
amanda@bf-llp.com