# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUZANNE HICKS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:14-cv-01729-ODE |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CARROLL MANAGEMENT GROUP, ) | |
| LLC, AND MICHAEL PATRICK ) | |
| CARROLL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PLAINTIFF'S ANSWER AND
## RESPONSE TO DEFENDANTS' COUNTERCLAIMS

**COMES NOW,** Plaintiff Suzanne Hicks (hereinafter "Plaintiff" or "Ms. Hicks"), by and through undersigned counsel of record, and hereby answers and responds to Defendants' Counterclaims as follows:

## COUNTERCLAIMS AGAINST PLAINTIFF HICKS

1.

Plaintiff admits that she is a resident of this District, and that she is subject to the jurisdiction of this Court. Plaintiff denies any remaining allegations in Paragraph 1 of Defendants' Counterclaims.

2.

Admitted.

3.

Plaintiff admits that Defendants are located in this District and are subject to the jurisdiction of this Court. Plaintiff denies any remaining allegations in Paragraph 3 of Defendants' Counterclaims.

4.

Plaintiff admits that venue is proper in this Court and that she worked for Defendant CMG in this District. Plaintiff denies any remaining allegations in Paragraph 4 of Defendants' Counterclaims.

## FACTUAL ALLEGATIONS

5.

Upon information and belief, Plaintiff admits the allegations contained in Paragraph 5 of Defendants' Counterclaims.

6.

Plaintiff admits that in June 2011 Defendants hired her to be the Regional Vice President for Defendant CMG. Plaintiff denies any remaining allegations in Paragraph 6 of Defendants' Counterclaims.

7.

Plaintiff admits that Defendants later promoted her to the position of President of Management for Defendant CMG.  Plaintiff denies any remaining allegations in Paragraph 7 of Defendants' Counterclaims.

8.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 8 of Defendants' Counterclaims and therefore denies the same.

9.

Plaintiff admits that she had operations responsibilities including the oversight of the Property Management Division for Defendant CMG.  Plaintiff denies any remaining allegations in Paragraph 9 of Defendants' Counterclaims.

10.

Plaintiff admits that she reported to Defendant Carroll.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Plaintiff admits that she was physically absent from Defendants' facilities on several occasions during the months of June and July 2012 due to her husband's illness and hospitalization as detailed in her Complaint for Damages. However, during the times when Plaintiff was physically absent from Defendants' facilities, she continued to work remotely from the hospital. Plaintiff denies any remaining allegations in Paragraph 14 of Defendants' Counterclaims.

15.

Plaintiff admits that in July 2012 Defendant Carroll began emailing her regarding when she would be returning to work at Defendants' facilities.

16.

Plaintiff admits that she contacted Defendant Carroll and Defendants' Human Resources Representative Linda Dudley on or about July 3, 2012, and informed them that she may need to take Family and Medical Leave Act (hereinafter "FMLA") time to care for her husband. Plaintiff denies any remaining allegations in Paragraph 16 of Defendants' Counterclaims.

17.

Denied.

18.

Denied.

19.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 19 of Defendants' Counterclaims and therefore denies the same.

20.

Denied.

21.

Denied.

22.

Upon information and belief, Plaintiff admits that American Housing Consultants is a company incorporated in Georgia.  Plaintiff denies any remaining allegations in Paragraph 22 of Defendants' Counterclaims.

23.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 23 of Defendants' Counterclaims and therefore denies the same.

24.

Denied.

25.

Denied.

26.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 26 of Defendants' Counterclaims and therefore denies the same.

27.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 27 of Defendants' Counterclaims and therefore denies the same.

28.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 28 of Defendants' Counterclaims and therefore denies the same.

29.

Denied.

30.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 30 of Defendants' Counterclaims and therefore denies the same.

31.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 31 of Defendants' Counterclaims and therefore denies the same.

32.

Denied.

## **COUNTERCLAIM I:   UNJUST ENRICHMENT**

33.

Plaintiff incorporates by reference her responses to the allegations contained in Paragraphs 1 through 32 of Defendants' Counterclaims as if fully set forth herein.

34.

Denied.

35.

Denied.

36.

Plaintiff denies providing, or directing anyone else to provide, any such invoices to Defendants.  Plaintiff is without knowledge or information regarding the remaining allegations in Paragraph 36 of Defendants' Counterclaims and therefore denies the same.

37.

Plaintiff is without knowledge or information regarding the allegations in Paragraph 37 of Defendants' Counterclaims and therefore denies the same.

38.

Denied.

39.

Denied.

40.

Denied.

## COUNTERCLAIM II:  BREACH OF FIDUCIARY DUTY

41.

Plaintiff incorporates by reference her responses to the allegations contained in Paragraphs 1 through 41 of Defendants' Counterclaims as if fully set forth herein.

42.

Plaintiff admits that as President of Management for Defendant CMG she had a duty to perform her job to the best of her ability.  Plaintiff denies any remaining allegations in Paragraph 42 of Defendants' Counterclaims.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

## COUNTERCLAIM III:  FRAUD

48.

Plaintiff incorporates by reference her responses to the allegations contained in Paragraphs 1 through 47 of Defendants' Counterclaims as if fully set forth herein.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Plaintiff denies providing, or directing anyone else to provide, any such invoices to Defendants. Plaintiff is without knowledge or information regarding the remaining allegations in Paragraph 53 of Defendants' Counterclaims and therefore denies the same.

54.

Denied.

55.

Denied.

## RESPONSE TO DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Suzanne Hicks having fully answered and responded to the allegations contained in Defendants' Counterclaims, Plaintiff respectfully requests that this Court:

(a) Dismiss each of Defendants' counterclaims with prejudice in their entirety;

(b) Deny each and every prayer for relief by Defendants contained in their Counterclaims;

(c) Grant Plaintiff her reasonable attorney's fees and expenses of litigation incurred in connection with the preparation of this Answer and Response; and,

(d) Grant Plaintiff all other relief to which she may be entitled.

Respectfully submitted this 26th day of September, 2014.

                                **BARRETT & FARAHANY, LLP**

                                s/Elizabeth L. Brown
                                Elizabeth L. Brown
                                Georgia Bar No. 940372

                                *Counsel for Plaintiff*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lily@bf-llp.com

## CERTIFICATION PURSUANT TO L.R. 7.1D

I hereby certify that the foregoing *Plaintiff's Answer and Response to Defendants' Counterclaims* was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

s/Elizabeth L. Brown
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUZANNE HICKS,           ) | |
| ) | Civil Action No. |
| Plaintiff,     ) | |
| ) | 1:14-cv-01729-ODE |
| v.                             ) | |
| ) | JURY TRIAL DEMANDED |
| CARROLL MANAGEMENT GROUP,   ) | |
| LLC, AND MICHAEL PATRICK      ) | |
| CARROLL,                     ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing ***Plaintiff's Answer and Response to Defendants' Counterclaims*** with the Clerk using the Court's CM/ECF system, which will send electronic notification immediately to the following counsel of record:

Gregory J. Hare, *Esq*.
Deepa Subramanian, *Esq*.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303

Respectfully submitted this 26th day of September, 2014.

s/Elizabeth L. Brown
Elizabeth L. Brown
*Counsel for Plaintiff*

**BARRETT & FARAHANY, LLP**
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309