IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUZANNE HICKS,            ) | |
| ) | Civil Action No. |
| Plaintiff,            ) | |
| ) | 1:14-cv-01729-ODE |
| v.            ) | |
| ) | JURY TRIAL DEMANDED |
| CARROLL MANAGEMENT GROUP, ) | |
| LLC AND MICHAEL PATRICK   ) | |
| CARROLL,            ) | |
| ) | |
| Defendants.            ) | |
| _____ ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

**COMES NOW**, Plaintiff Suzanne Hicks (hereinafter "Plaintiff"), by and through the undersigned counsel and, pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.1(A), hereby files this, Plaintiff's Initial Disclosures and respectfully shows the Court as follows:

(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contention as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response to Disclosure 1:**

**This cause of action is classified as a civil action for damages and other equitable relief brought on Plaintiff's behalf to obtain all allowable relief under the Family and Medical Leave Act, 29 U.S.C. § 2601** *et seq***. (hereinafter "FMLA"). Plaintiff's FMLA claims are being brought for Defendants' failure to provide Plaintiff FMLA leave, and for Defendant's unlawful retaliation against Plaintiff in violation of the FMLA after Plaintiff engaged in protected conduct thereunder.**

**Plaintiff further responds by stating that Defendants first hired her in approximately June 2011 as a Regional Vice President for Defendant Carroll Management Group, LLC (hereinafter "Defendant CMG"). In May 2012, Plaintiff's husband became very ill with a heart condition that required surgery. Defendants granted Plaintiff's request to work from the hospital on the day of her husband's surgery, which took place on or about May 15, 2012. In late June 2012, Plaintiff's husband suffered another episode with his heart condition and was again rushed to the doctor. Thereafter, in early July 2012, Plaintiff first notified Defendants that she may need to request FMLA leave to care for husband's ongoing condition. On July 13, 2012, Plaintiff formally requested FMLA leave to care for her husband. In response to her request,**

**Defendant Michael Patrick Carroll (hereinafter "Defendant Carroll") informed Plaintiff that she was "off the payroll" and that her employment was terminated effective immediately. Later that night, Defendants cut Plaintiff's email access. Thereafter, on approximately July 16, 2014, Defendants provided Plaintiff with FMLA paperwork and indicated that the paperwork should be completed and returned to Defendants by no later than August 1. 2012. Simultaneously, Plaintiff's coworkers continued to inform her that Defendant Carroll had notified all staff members of Plaintiff's termination, and that Plaintiff's position had been filled by another employee. On July 26, 2012, Plaintiff received a Separation Notice indicating that Plaintiff had resigned from her employment effective July 13, 2012.**

**Subsequent to the initiation of Plaintiff's claims against Defendants, Defendants first made their assertions of the alleged counterclaims of fraud and breach of fiduciary duty against Plaintiff. In doing so, Defendants have alleged that Plaintiff was involved in misappropriation of company funds. Plaintiff wholly denies these allegations and respectfully submits to this Court that these counterclaims are retaliatory in nature as, again, Defendants first notified Plaintiff of the existence of these claims subsequent to the initiation of Plaintiff's FMLA claims against Defendants. Likewise, Defendants failed to**

**take any action in pursuit of these claims until Plaintiff's lawsuit had been filed. As a result, Plaintiff hereby notifies this Court that she may be moving to amend her Complaint for Damages to add a claim for retaliatory counterclaims in the event that the parties are unable to otherwise reach an amicable resolution in the interim.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response to Disclosure 2:**

**Plaintiff contends that the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* is applicable to this action. Plaintiff reserves the right to make use of additional authorities, statutes, case law, and judicial decisions, as this case progresses. The above list is not intended to be exhaustive.**

(3) Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defense, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).

4

**Response to Disclosure 3:**

**See Attachment A.**

(4) Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response to Disclosure 4:**

**Plaintiff has not, as of this date, identified any expert witnesses. However, Plaintiff reserves the right to identify such a witness or witnesses. Plaintiff will supplement this disclosure, pursuant to F.R.C.P. Rule 26 (e) and LR 201-6 ND Ga., should any such witness be identified.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response to Disclosure 5:**

**See Attachment C.**

(6)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response to Disclosure 6:**

**See Attachment D.**

(7)     Attach for inspection and copying as Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response to Disclosure 7:**

**Any such insurance agreements which may exist are in the possession, custody or control of the Defendants.**

(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**Response to Disclosure 8:**

**None.**

## ATTACHMENT A

The following individuals should have knowledge of the facts and circumstances surrounding Plaintiff's allegations of FMLA interferrence and retaliation. Plaintiff reserves the right to supplement this list as discovery is completed.

1. **Suzanne Hicks.** Mrs. Hicks can be contacted through her undersigned counsel.

2. **Kenneth Hicks.** Mr. Hicks is Plaintiff's husband and can be contacted through undersigned counsel.

3. **Michael Patrick Carroll**.  Defendant Carroll is the owner of Defendant CMG and has direct knowledge of the facts of this case.

4. **Linda Dudley.** Ms. Dudley is/was the Human Resources Director for Defendants and has direct knowledge of the facts of this case.

5. **Art (*Last Name Unknown*).** Art is/was an employee of Defendants and should have knowledge of the facts of this case.

6. **Ruby Brooks.** Ms. Brooks is/was an employee of Defendants and should have knowledge of the facts of this case.

7. **Michelle Cole.** Ms. Cole is/was an employee of Defendants and should have knowledge of the facts of this case.

8. **Jimmy Delgado.** Mr. Delgado is/was an employee of Defendants and should have knowledge of the facts of this case.

9. **Teresa Eason.** Ms. Eason is/was an employee of Defendants and should have knowledge of the facts of this case.

10. **Gary Hediger.** Mr. Hediger was the former owner of Hediger Enterprises, the predecessor to Defendant CMG and should have knowledge of the facts of this case.

11. **Angelica Matos.** Ms. Matos is/was an employee of Defendants and should have knowledge of the facts of this case.

12. **Susan McQuade.** Ms. McQuade is/was an employee of Defendants and should have knowledge of the facts of this case.

13. **Dr. Akshay Gupta.** Dr. Gupta is a cardiologist that Mr. Hicks consulted with in 2012 in connection with his medical condition.

14. **Dr. Michael Jones.** Dr. Jones is a general practitioner that Mr. Hicks consulted with in 2012 concerning his medical condition.

## **ATTACHMENT C**

Plaintiff will produce, for inspection and copying at a mutually convenient time, those documents in her possession which are responsive to this request.

## ATTACHMENT D

1) **Declaratory Relief:** An order from the Court declaring that Defendants unlawfully interfered with Plaintiff's rights pursuant to the FMLA, and unlawfully retaliated against Plaintiff for engaging in protected conduct under the FMLA;

2) **Injunctive Relief:** Instatement to either Suzanne Hicks' former position or an equivalent position; entry of a preliminary and permanent injunction prohibiting Defendants from future discriminatory acts relative to the terms and conditions of employment of Plaintiff.

3) **Special Damages:** All special damages occasioned by Defendants' misconduct. These include back pay in an amount to be determined at trial from the date Plaintiff was constructively discharged until the time of trial, together with all raises and benefits to which Plaintiff would otherwise have been entitled, seniority, and all benefits of employment.

4) **General Damages for Mental and Emotional Distress and Loss of Professional Reputation:** An award of general compensatory damages to compensate Plaintiff for the mental and emotional distress suffered as a consequence of Defendants' misconduct, and to compensate Plaintiff for the loss of professional reputation, standing and the loss of her good name and reputation

caused by Defendants' conduct, to be determined by the enlightened conscience of the jury in an amount not less than $300,000.00.

5) **Punitive Damages:**  An award to Plaintiff of punitive damages against Defendants, based upon their willful, intentional, and deliberate violations of Plaintiff's rights in order to punish or penalize Defendants or deter them from similar misconduct, in an amount to be determined by the enlightened conscience of the jury of not less than $300,000.00.

6) **Attorneys' Fees and Costs:**  An award to Plaintiff for the expenses of litigation, including reasonable attorneys' fees as authorized by 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 1132 (g).  The amount of attorneys' fees cannot be determined until this proceeding is concluded.

7) **Prejudgment Interest:**  An award of prejudgment interest on all back pay awarded to Plaintiff.

Respectfully submitted this 6th day of October, 2012.

**BARRETT & FARAHANY, LLP**

s/Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372

*Counsel for Plaintiff*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lily@bf-llp.com

## CERTIFICATION PURSUANT TO L.R. 7.1D

I hereby certify that the foregoing *Plaintiff's Initial Disclosures* was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

                                          s/Elizabeth L. Brown_____
                                          *Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SUZANNE HICKS,                ) | |
| ) | Civil Action No. |
| Plaintiff,           ) | |
| ) | 1:14-cv-01729-ODE |
| v.                                      ) | |
| ) | JURY TRIAL DEMANDED |
| CARROLL MANAGEMENT GROUP, ) | |
| LLC AND MICHAEL PATRICK  ) | |
| CARROLL,                        ) | |
| ) | |
| Defendants.        ) | |
| _____ ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Plaintiff's Initial Disclosures* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record:

Gregory J. Hare, *Esq.*
Deepa Subramanian, *Esq.*
Ogletree, Deakins, Nash, Smoak & Stewart, PC
191 Peachtree St, NE, Suite 4800
Atlanta, Georgia 30303

Respectfully submitted this 6th day of October, 2014.

s/Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
*Counsel for Plaintiff*

**BARRETT & FARAHANY, LLP**
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309