FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 21 2014

JAMES N. HATTEN, Clerk

By: [signature]

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SUZANNE HICKS,                          )
                                        )        Civil Action No.
    Plaintiff,                          )
                                        )        1:14-cv-01729-ODE
v.                                      )
                                        )
CARROLL MANAGEMENT GROUP,               )
LLC AND MICHAEL PATRICK                 )
CARROLL,                                )
                                        )
    Defendants.                         )
                                        )

## CONSENT PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

This lawsuit is presently in the discovery stage. It appears that such discovery will involve review of confidential business information, personnel and employment-related documents, client information, personal, sensitive medical and other confidential information relating to the parties and persons not parties to this litigation. Plaintiff Suzanne Hicks ("Plaintiff") and Carroll Management Group, LLC and Michael Patrick Carroll ("Defendants") (collectively the "parties"), by and through their counsel, desire to avoid the needless dissemination of the above-referenced information outside of this lawsuit and, further, to avoid a dispute over the production of such information.

1

Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that Plaintiff and Defendants consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

(1) As used in this Order, the following definitions and terms shall apply:

    a. "Confidential Information" means documents, information, testimony, and other tangible items to be produced or disclosed in this action that contain (A) trade secrets, confidential, commercially private, proprietary, sensitive business, financial, and/or otherwise privileged information or (B) private personal information about individuals, including current or former employees' personnel files, in which the affected persons enjoy rights and expectations of privacy and protection from disclosure, including under state and federal law or (C) confidential, private, and sensitive business information about customers, vendors, and/or business partners of Defendants— including but not limited to name, business relationship with Defendants, and services provided by or to Defendants or (D) medical information concerning Plaintiff and/or her husband. All such documents, information, or testimony will be referred to and treated as

"Confidential      Information"      if      stamped      or      designated

"CONFIDENTIAL."

b. "Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

c. "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

d. "Counsel" means the counsel of record in this action and their law firms, as well as (i) other attorneys or consultants employed or retained by such law firms, or (ii) any attorney subsequently retained or designated by any party to appear in this action.

e. "Disclosing Party" means any party who furnishes confidential information or discovery material.

f. "Recipient" means any party who receives confidential information or discovery material.

(2)     Any party may designate any document, information, testimony, or other tangible item containing Confidential Information as defined in Paragraph (1)(a) by clearly marking each page as "CONFIDENTIAL" at the time of production.  All documents and information provided by the parties which are

3

designated as "CONFIDENTIAL" shall be treated as such by the Parties. Such Confidential Information, and all copies, summaries, compilations, notes, or abstracts thereof, shall be exclusively for use in this action and for no other purpose, and shall not be disclosed to any person except as permitted in this Order.

(3)     Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding or by written notice to opposing counsel not later than twenty (20) business days after receipt of the deposition transcript. During the twenty (20) business day period and from the date of the deposition, the entire deposition transcript and testimony and all exhibits shall be deemed to be Confidential Information for all purposes. Thereafter, only those portions of the transcript and exhibits that have been designated as Confidential Information shall be so treated. At the depositions taken in this action, the reporter will be informed of the existence of this Order and will be required to operate in a manner consistent with its terms.

(4)     Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the

4

right of a party at any time:  (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (iv) to seek documents or other information from any source; or (v) to prohibit disclosure of Confidential Information pursuant to a requirement of a governmental agency or by operation of law (including a subpoena); provided however that, with respect to this clause, the Recipient shall first promptly notify Disclosing Party at the addresses listed herein on the signature lines prior to disclosure in order to give Disclosing Party a reasonable opportunity to seek an appropriate protective order and/or waive compliance with the terms of this Order and shall disclose only that part of the Confidential Information which the Recipient is required to disclose.

(5)     Inadvertent production of or failure to designate any information as "CONFIDENTIAL" shall not be deemed a waiver of the Disclosing Party's claim of confidentiality as to such information, and the Disclosing Party may thereafter designate such information as "CONFIDENTIAL" as appropriate.

(6)     If information entitled to protection under this Order is to be submitted to the Court in support of a pleading, motion, or other document, the party seeking to introduce the information shall notify the party designating the material as "CONFIDENTIAL" at least five (5) business days prior to such proposed use so that the designating parting may file a motion requesting that the information be filed under seal. Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The motion shall bring to the Court's attention the fact that the information is governed by this Order. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal. In lieu of the designating party filing a motion requesting that the information be filed under seal, the parties may agree, through mutual consent of counsel, to redact confidential portions of a document before filing.

(7)     Documents and other material designated as "CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to the Court, the parties, counsel of record and their associated attorneys, employees or professional assistants, including independent consultants, of counsel of record, stenographic reporters and their personnel, witnesses who have a *bona fide* need to review the

contents of the documents to aid in the preparation of this case for trial, and such other persons as may have a legitimate need to review the Confidential Information to assist counsel of record in preparing this case, subject to the requirements in Paragraph (9) of this Order.

(8)     The parties shall confer and attempt to agree, before any hearing, on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing upon reasonable notice to all parties who have produced such information.

(9)     Persons other than the Court, counsel of record and their associated attorneys, employees and/or professional assistants of counsel of record, the parties, and stenographic reporters and their personnel shall not be afforded access to Confidential Information unless they first agree, by signing a statement identical to Exhibit "A" attached hereto, to be bound by the letter and the spirit of this Order and not to disclose the Confidential Information to anyone other than counsel of record for the parties to this case.  Such statements shall be retained by counsel of record for the parties.

(10)   Although personnel files may be designated as Confidential Information, witnesses can be shown their own personnel files without having to satisfy the requirements in Paragraph (9) of this Order.

(11)   The party seeking discovery shall have the right to challenge any designation of confidentiality by notifying the other party in writing and with specificity no later than the close of discovery or within ten (10) days of receipt of the document, whichever last occurs.   Before a motion is filed regarding the dispute, the parties must try to resolve the dispute between counsel or by telephone conference with the Judge within fourteen (14) days of the recipient's receipt of the writing.   The party seeking discovery will treat all materials or information designated as "CONFIDENTIAL" in accordance with the requirements of this Order during the pendency of such motion.

(12)   This Order shall not prevent a party or a counsel of record for either party from using any documents obtained and designated as "CONFIDENTIAL" hereunder in motions, affidavits, pleadings, or in open court, so long as such documents and pleadings containing summaries of such documents are treated as confidential pursuant to the provisions of this Order and are otherwise admissible for the purpose(s) such documents are offered.

8

(13)   Within sixty (60) business days following the conclusion of this action, by settlement or adjudication, including any appellate proceedings or the running of any applicable time for appeal, the parties shall either (i) return to the producing party all copies of materials or information designated as "CONFIDENTIAL" in this action or (ii) certify to the producing party that all such materials have been destroyed; except that counsel may retain an archival copy of documents containing Confidential Information, as well as an archival copy of any pleadings, motions and supporting memoranda, and evidence that was filed with the court, that contain Confidential Information, subject to continuing compliance with this Order.

(14)   Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Confidential Information, or to seek modifications of this Order upon due notice to all parties.

(15)   This Order shall survive and remain in full force and effect after entry of final judgment in this action, including any appellate proceedings, whether by settlement or adjudication.   The Court shall retain jurisdiction throughout to construe, enforce, and amend this Order.

SO ORDERED, THIS _20_ DAY OF _October_____, 2014.

_____
THE HONORABLE ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

10

Consented to and respectfully submitted this the 17th day of October, 2014.

*/s/ Deepa N. Subramanian*
Gregory J. Hare
Georgia Bar No. 326020
greg.hare@ogletreedeakins.com
Deepa N. Subramanian
Georgia Bar No. 278625
deepa.subramanian@ogletreedeakins.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

*Counsel for Defendants*

*s/Elizabeth L. Brown\**
Elizabeth L. Brown
Georgia Bar No. 940372
Benjamin Barrett
Georgia Bar No. 039586
Amanda Farahany
Georgia Bar No. 646135
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lily@bf-llp.com
ben@bf-llp.com
amanda@bf-llp.com

*Counsel for Plaintiff*

*with express permission

11

# EXHIBIT "A"

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby acknowledge that I am about to receive Confidential Information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Consent Protective Order in *Suzanne Hicks v. Carroll Management Group, LLC et al.*, Northern District of Georgia Case No.: 1:14-cv-01729-ODE. I have been given a copy of and have read this Order and agree to be bound by its terms. I agree to submit to the jurisdiction of the Court for the sole purpose of having the terms of this Order enforced.

_____
Signature

_____
Name (Print)

_____
Date